UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NEW HOPE POWER COMPANY, and OKEELANTA CORPORATION, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | No. 1:09-cv-02413 (RWR) |
| UNITED STATES ARMY CORPS OF ENGINEERS, and | ) ) ) ) | |
| STEPHEN L. STOCKTON, in his official capacity as Director of Civil Works, United States Army Corps of Engineers, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION AND STAY BRIEFING ON PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT PENDING A DECISION ON
CONSOLIDATION AND TRANSFER OR JURISDICTION**

Defendants United States Corps of Engineers and Stephen L. Stockton, in his official

capacity as Director of Civil Works (collectively the "Corps") hereby move the Court to extend

the time for the Corps' opposition to Plaintiffs' motion for a preliminary injunction for two

weeks, until July 26, 2010, and to stay briefing on Plaintiffs' alternative motion for summary

judgment pending the Court's ruling on the Corps' motions to consolidate and to transfer

proceedings to the Southern District of Florida, or a ruling on the Court's jurisdiction.  As set

forth in the accompanying motion to expedite, the Corps respectfully requests that the Court

expedite its consideration of this motion.  The Corps has conferred with counsel for Plaintiffs

who indicated that Plaintiffs would agree to a four-day extension, but otherwise oppose the

–1–

motion.  In the event the Court denies the motion for a stay, the Corps requests that the Court consolidate Plaintiffs' motion for a preliminary injunction and alternative motion for summary judgment and grant the Corps an extension of time of 45 days from the Court's order to respond to Plaintiffs' motions.

## BACKGROUND

Plaintiffs filed the instant action on December 23, 2009.  Plaintiffs' complaint challenges an April 30, 2009 memorandum by Defendant Steven Stockton, Director of Civil Works, in response to an Issue Paper prepared by the Jacksonville District of the Corps, regarding the District's intended approach to making determinations regarding the scope of the Corps' regulatory jurisdiction under section 404 of the Clean Water Act, 33 U.S.C. § 1344, in connection with several proposed mining projects in the Everglades Agricultural Area.

Because of the obvious connection this case has to Florida, on March 1, 2010, the Corps filed a motion to transfer venue to the United States District Court for the Southern District of Florida.  Dkt. No. 5.  On April 2, 2010, the Corps filed an answer to Plaintiffs' complaint.  Dkt. No. 11.

On March 24, 2010, the American Farm Bureau Federation and other parties filed a complaint challenging the Headquarters EAA memorandum, the Jacksonville District Issue Paper and other alleged agency pronouncements.  *Am. Farm Bureau Federation v. Corps*, No. 10-0489-RWR.  On May 6, 2010, the Corps moved to consolidate the *Farm Bureau* case with the *New Hope* case, and to transfer the consolidated cases to the Southern District of Florida.  Dkt. No. 9.  On June 7, 2010, the Corps filed an answer to the *Farm Bureau* complaint.  Dkt. No. 17.  The Corps' motions to consolidate and transfer currently are pending before the Court.

On Friday, July 2, 2010, more than a year after the Corps' issuance of the purported "new rule" allegedly announced in the Headquarters EAA Memorandum, more than six months after filing this case, and more than three months after the Corps filed an answer, Plaintiffs filed the instant motion for a preliminary injunction, or in the alternative, for summary judgment. Pursuant to LCvR 65.1(c) and Fed. R. Civ. P. 6(d), the Corps' opposition to Plaintiffs' motion for a preliminary injunction currently is due on July 12, 2010.

## ARGUMENT

I.   **THE CORPS' REQUEST FOR A TWO-WEEK EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION IS REASONABLE**

The Corps' request for a two-week extension of time to respond to Plaintiffs' motion for a preliminary injunction is reasonable in numerous respects.  First, Plaintiffs filed their motion on Friday, July 2, 2010, with effectively no notice to the Corps, notwithstanding that this case has been pending for six months and more three months have passed since the Corps filed its answer.  Plaintiffs are solely responsible for their choice to wait to seek any relief from the Court.  Nothing prevented Plaintiffs from seeking either preliminary or summary relief at an earlier time.  A mere two-week extension of time to respond to Plaintiffs' request for injunctive relief would not prejudice Plaintiffs, who admit that the alleged agency action does not have any immediate effect on Plaintiffs, but will allegedly affect only their future, hypothetical plans to undertake construction of a landfill at some undefined construction commencement date.  See Pls. Mot. at 20.

Further, two weeks is the minimum amount of time the Corps requires to prepare its opposition to Plaintiffs' motion for a preliminary injunction, which is accompanied by over 200

pages of exhibits. A Corps employee essential to the preparation of the Corps' response is currently out of the office on scheduled leave, until July 12, 2010. Further, the undersigned counsel are obligated to meet pre-existing litigation deadlines in several other matters, including a July 26, 2010 deadline for the United States' merits brief in a rulemaking challenge, ATK Launch Sys. Inc. v. EPA, Nos. 09-9561 (and consolidated cases) (10th Cir.); a July 20, 2010 deadline to respond to a court order to file briefing on a remedy in Sierra Club v. Antwerp, No. 07-1756-RCL (D.D.C.); a July 19, 2010 deadline to respond to two separate motions for reconsideration of the Court's opinion in Litgo v. Mauriello, No. 06-2891-AET (D.N.J.); a July 12, 2010 deadline to file a post-hearing brief in United States v. Acquest Transit, LLC, No. 09-55 (W.D.N.Y); and an August 10, 2010 deadline for the Corps' response to a complaint in Holy Cross Neighborhood Ass'n v. Corps, No. 10-1715 (E.D. La.).

Additionally, because Plaintiffs' claims address a program administered jointly by the Corps and the Environmental Protection Agency ("EPA"), the Corps' response to the Plaintiffs' motion requires additional coordination among various offices within the two agencies. This additional coordination will require additional time for preparation and review of the Corps' response to Plaintiffs' motion.

For all of these reasons, the Corps requests an additional two weeks to file a limited response to Plaintiffs' motion for a preliminary injunction.

## II.    THE COURT SHOULD STAY PROCEEDINGS ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The Court should stay proceedings on Plaintiffs' motion for summary judgment, including the deadline for responding to Plaintiffs' Statement Pursuant to Local Rule 7(h)(1). The Court has inherent authority to grant a stay where it would serve "economy of time and

effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). A stay is warranted to allow the Court to address important threshold issues that should be resolved prior to the Court's reaching the merits. Currently pending before the Court are the Corps' motion to consolidate the instant action by New Hope with *Am. Farm Bureau Federation v. Corps*, No. 10-0489-RWR, and to transfer the consolidated actions to the Southern District of Florida. *New Hope Power Co. v. Corps*, Dkt. No.11; *Am. Farm Bureau Fed'n v. Corps*, Dkt. No. 9. Deciding these motions before proceeding to the merits is essential to the orderly and efficient resolution of these two cases. As explained in the Corps' motion, the *Farm Bureau* plaintiffs and the *New Hope* plaintiffs raise common issues of law and fact. To the extent either this Court or the Southern District of Florida reaches the merits of these cases, both cases would be resolved on summary judgment. It is inefficient and prejudicial for the Corps to be required to respond to the *New Hope* plaintiffs' motion for summary judgment, when the *Farm Bureau* plaintiffs raise overlapping claims that also will be resolved on summary judgment. Accordingly, the Court should rule on the pending motion to consolidate before the Court proceeds on New Hope's motion for summary judgment, so that the Court may address the related challenges to the same alleged agency action in a single, streamlined proceeding.

The Corps' motion to transfer these cases to the Southern District of Florida also should be resolved prior to any proceedings on the merits. As set forth in the Corps' motions to transfer the *New Hope* and *Farm Bureau* cases, both sets of plaintiffs challenge alleged agency action expressly pertaining to the Jacksonville' District's approach for making jurisdiction determinations in the Everglades Agricultural Area, in south Florida. Accordingly, there is a strong interest in having this litigation proceed in Florida. The Court should decide the Corps'

motions to transfer prior to proceedings on summary judgment to ensure that the case proceeds in the appropriate forum, which is the forum with the most ties to this action (and also the forum in which the alleged irreparable harms cited in Plaintiffs' motion would apparently be incurred).

Finally, the Court should defer proceedings on summary judgment until the Court can address the threshold issue of jurisdiction. As noted in the Corps' reply in support of consolidation and transfer, Plaintiffs do not challenge any final agency action and thus this Court lacks jurisdiction over Plaintiffs' claims. The Corps intends to address this issue in response to Plaintiffs' motion for a preliminary injunction. Plaintiffs' motion has raised additional questions regarding Plaintiffs' Article III standing to bring this action, as well as ripeness concerns. A stay is appropriate to allow the parties and the Court to address these issues prior to the reaching the merits on summary judgment.

Finally, the Court may issue a stay whenever it would promote judicial economy without prejudice to the opposing party. Landis, 299 U.S. at 255. Plaintiffs will not be prejudiced by the proposed stay of proceedings. If Plaintiffs succeed on their motion for a preliminary injunction, their alleged irreparable harm presumably would be addressed and Plaintiffs would not be prejudiced by a deferral of summary judgment briefing.

Moreover, if Plaintiffs truly feared immediate and irreparable harm, they would not have waited over a year to challenge the Corps' alleged "new rule" or six months to move for injunctive relief or summary judgment. Although Plaintiffs attempt to blame the Corps for this

delay (Pls. Mot. at 3), it is a plaintiffs' burden to advance its own cause and nothing prevented these Plaintiffs from seeking preliminary or summary relief at some earlier time.[1]

Further, nothing prevented Plaintiffs from pursuing administrative solutions to the regulatory uncertainty Plaintiffs claim is delaying their plans. Plaintiffs have always had the option of pursuing a determination as to extent of the Corps' regulatory jurisdiction regarding Plaintiffs' lands or seeking a Clean Water Act section 404 permit from the Corps. As Plaintiffs point out, the outcome of such administrative proceedings is uncertain until Plaintiffs actually request a jurisdictional determination or apply for a permit and the Corps renders a decision. See Pls. Mot. at 19.[2] Administrative proceedings before the Corps could result in any number of favorable outcomes for Plaintiffs. The Corps could determine the area is not subject to Corps jurisdiction, obviating the need for a permit. The Corps could determine that only a small part of the area is subject to jurisdiction, or that an existing general permit could authorize the proposed discharges at relatively minimal time and expense; or plaintiffs could find the regulatory permitting process less burdensome than they currently imagine. Without further information as to the site and the proposed activities, the Corps is unable to speculate as to what might happen. Plaintiffs have sought to circumvent the regulatory process by filing this litigation. To the extent Plaintiffs claim harm by the uncertainty of this litigation, that is a harm of their own making and does not warrant denial of a stay.

---

[1]     Plaintiffs cannot claim they were delayed by the lack of an administrative record, as they evidently have access to the documents they contend are relevant to their claims. Pls. Mot. at 4.

[2]     The Corps has not determined the jurisdictional status of Plaintiffs' lands, as such a determination requires a site visit which has not occurred. See Apr. 24, 2009 letter from T. McElwain to N. McAliley ("The jurisdictional status of the farm fields can only be determined after a site visit by the Corps.") (attached as Ex. 24 to Decl. of Neal McAliley, Dkt. No. 18-30).

## CONCLUSION

For the foregoing reasons, the Corps respectfully requests that the Court grant the Corps a two-week extension of time, until July 26, to respond to Plaintiffs' motion for a preliminary injunction, and grant a stay of proceedings on Plaintiffs' alternative motion for summary judgment pending a decision on the Corps' motions to consolidate and transfer, or a ruling on the Court's jurisdiction.  In the event the Court denies the motion for a stay, the Corps requests that the Court consolidate Plaintiffs' motion for a preliminary injunction and alternative motion for summary judgment and grant the Corps an extension of time of 45 days from the Court's order to respond to Plaintiffs' motions.

Respectfully submitted,
IGNACIA S. MORENO
Assistant Attorney General

  s/ *Jessica O'Donnell*
JESSICA O'DONNELL
D.C. Bar No. 473166
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone:  (202) 305-085
Facsimile:  (202) 514-8865
jessica.odonnell@usdoj.gov

Of Counsel:

Daniel Inkelas
Office of the Chief Counsel
U.S. Army Corps of Engineers
441 G Street NW
Washington, DC 20314

John F. Kasbar
Assistant District Counsel
U.S. Army Corps of Engineers
701 San Marco Boulevard
Jacksonville, Florida 32207

DATED:  July 7, 2010