UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NEW HOPE POWER COMPANY, and OKEELANTA CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 1:09-cv-02413 (RWR) |
| UNITED STATES ARMY CORPS OF ENGINEERS and STEVEN L. STOCKTON, in his official capacity as Director of Civil Works, United States Army Corps of Engineers, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## PLAINTIFFS' OPPOSITON TO DEFENDANTS' MOTION FOR ADDITIONAL TIME AND TO STAY CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Plaintiffs are mindful of the obligation of counsel to extend professional courtesies to their adversaries in such matters as a request for an extension of time. Nevertheless, the defendants' (the "Government's") request for an extension to respond to the motion for a preliminary injunction, coupled with their request for a 45-day extension to respond to the pending motion for summary judgment, is unwarranted in the circumstances before this Court, which circumstances arose from the Government's own dilatory actions.

The Complaint in this litigation was filed more than six months ago, after informal attempts to resolve the issues proved to be fruitless. However, plaintiff New Hope Power Company ("New Hope") received its state permit for construction of its proposed ash monofill in late May. The receipt of this final required approval would, absent the improperly promulgated

rules challenged in this action (the "Stockton Rules"), allow New Hope to commence and complete construction of the monofill during the upcoming construction season  New Hope could hardly seek injunctive relief until the state permit was issued, as prior to that time it could not have demonstrated that delay would have caused it irreparable harm.  Notwithstanding the large cost to Okeelanta that would result from any substantial delay in resolution of this litigation, the Government still indicates its intent to interpose its standard "no final agency action" defense sometime in the future (a defense it could have raised in a motion to dismiss the Complaint).  In addition to ignoring the Affidavit of Gustavo Cepero, sworn to June 18, 2010 ("Cepero Aff."), which demonstrates the need for an expeditious resolution of the instant motions, the Government also argues that the absence of an unnamed U.S. Army Corps of Engineers ("Army Corps") staff person hinders it from asserting its standard defense.

The Government also claims surprise because it had no prior notice that a motion for a preliminary injunction would be made.  The relevance of this complaint aside, counsel for the plaintiffs informed its counterpart in April 2010 that they might move for interlocutory relief and asked for the prompt filing of an administrative record.  The Government's response has been to make motions to extend its time to answer, to transfer venue and to consolidate this action with a separate one instituted later.  In the meantime, New Hope received all of its state and local approvals required to construct the ash monofill.

## ARGUMENT

### PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION WARRANTS AN EXPEDITIOUS RESOLUTION

New Hope is ready to start the contractor bidding process that would allow it to build its ash monofill, which will have both  a positive environmental benefit and save the plaintiffs well over a million dollars per year.  (Cepero Aff. ¶¶ 25-26.) This process cannot start until a

construction commencement date is defined, which is made impossible by the Stockton Rules. (Id. ¶ 29). Even should a court ruling on the merits issue on what would normally be an expedited basis, i.e., in less than a year, the substantial cost saving of disposing of ash at the proposed monofill would be delayed by at least that long because construction could not begin until October 2011, rather than October 2010, in order to avoid the rainy season when construction would become difficult. (Id. ¶ 30)

Accordingly, the Government's application for delay has a potential to cause the plaintiffs to experience a significant loss in money that cannot be recovered at the end of the litigation. Concomitantly, it will cause a continuation of environmental harm that could be avoided. (Cepero Aff. ¶¶ 31-32.) Preliminary injunction motions designed to avoid such consequences should not be frustrated by unsubstantiated claims of law office workloads, especially by well-staffed government offices. Cf. Burka v. Aetna Life Ins. Co., 917 F.Supp. 8, 13 (D.D.C. 1996). In recognition of the need for expedition, this Court's rules provide for a seven day response by an opponent of such relief (plus three days after electronic service), which the plaintiffs have agreed to extend for another four days.

Nevertheless, the Government argues for more time. The government appears to dispute that the plaintiffs have demonstrated irreparable harm, on the ground that it does not believe the permanent loss of money satisfies this element of interlocutory relief. (Government's Motion at 3.) That argument is one of law, requiring reference to authority, which should be accomplished within the normal time for a response.

Delay based on such claims as work overload is also particularly inappropriate where the Government has long announced that its principle defense is based on an issue of law that it has

briefed and argued countless times. (Government's Reply Memorandum In Support Of Its Motion To Consolidate, dated May 28, 2010, at 3.)

In this regard, the Government's motion to segregate the plaintiffs' motion for summary judgment from their motion for a preliminary injunction makes little sense, because the merits of the action must be addressed with respect to both. The Government has not indicated that it will forego its principle argument of "no final agency action" to defeat the motion for a preliminary injunction, and therefore both motions may be disposed of by this Court without the further procedural delay requested by the Government.

<u>CONCLUSION</u>

For the foregoing reasons, the plaintiffs respectfully request that the Court deny the Government's motion in its entirety, with the exception of allowing it an additional four days to respond to the plaintiffs' motion for summary judgment.

Dated: July 8, 2010

> SIVE, PAGET & RIESEL, PC
> Co-Counsel for Plaintiffs
>
> By: Daniel Riesel (NY 0110)
> 460 Park Avenue
> New York, New York 10022
> Phone: (212) 421-2150
> Fax:    (212) 421-1891
> driesel@sprlaw.com
>
> WHITE & CASE LLP
> Co-Counsel for Plaintiffs
> By: T. Neal McAliley (Fla. Bar 0172091)
> 200 South Biscayne Boulevard
> Suite 4900
> Miami, Florida 33131
> Phone: (305) 995-5255
> Fax:    (305) 358-5766
> nmcaliley@whitecase.com

4