UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NEW HOPE POWER COMPANY, and OKEELANTA CORPORATION, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | No. 1:09-cv-02413 (RWR) |
| UNITED STATES ARMY CORPS OF ENGINEERS, and | ) ) ) ) | |
| STEPHEN L. STOCKTON, in his official capacity as Director of Civil Works, United States Army Corps of Engineers, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**REPLY IN SUPPORT OF MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND STAY BRIEFING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT PENDING A DECISION ON CONSOLIDATION AND TRANSFER OR JURISDICTION**

Defendants United States Corps of Engineers and Stephen L. Stockton, in his official

capacity as Director of Civil Works (collectively the "Corps") hereby submit this reply in

support of their motion to extend the time for the Corps' opposition to Plaintiffs' motion for a

preliminary injunction until July 26, 2010, and to stay briefing on Plaintiffs' alternative motion

for summary judgment pending the Court's ruling on the Corps' motions to consolidate and to

transfer proceedings to the Southern District of Florida, or a ruling on the Court's jurisdiction.

The Corps' request for a two-week extension to respond to Plaintiffs' motion for a

preliminary injunction is reasonable in light of the significant workload of the assigned counsel,

the absence of a critical Corps employee, and Plaintiffs' unexplained delay in seeking

interlocutory relief.  Plaintiffs evidently have been preparing their motion for a preliminary injunction or summary judgment since April 2010.  Pls. Opp. At 2.  Casual statements by Plaintiffs' counsel in April 2010 that Plaintiffs "might" seek interlocutory relief hardly constitute notice that Plaintiffs would file a motion for preliminary injunction several months later, on July 2, 2010.  In light of the duty to confer on all nondispositive motions contained in LCvR 16, Plaintiffs' effective lack of notice is relevant.

Plaintiffs' contention that the government should not be entitled to additional time because Plaintiffs' motion for a preliminary injunction and the Corps' jurisdictional defense raise essentially legal issues is beside the point.  See Pls. Opp. at 3-4.  That the Plaintiffs' claims raise legal issues does not relieve the Corps of the need to consider the numerous affidavits and other exhibits Plaintiffs submitted in support of their motion or of responding to the many "facts" Plaintiffs allege in support of their motion.

Finally, there is nothing dilatory about the Corps' request to stay briefing on summary judgment pending a ruling on motions to consolidate and transfer that are already pending before the Court.  See Pls. Opp. at 1.  The Corps' motions to transfer and consolidate present threshold procedural issues that should be resolved in advance of further proceedings to avoid prejudice to the Corps' interests in having this case heard in the most appropriate forum and in avoiding unnecessary duplicative litigation.  Nothing prevented Plaintiffs from filing their motion for summary judgment at an earlier time.  By filing their motion for summary judgment along with a motion for preliminary injunction, Plaintiffs' essentially seek to force the Corps into an expedited schedule for summary judgment briefing.  Plaintiffs' assertion that they had to wait for state and local permit approvals before seeking a preliminary injunction does not explain their

–2–

delay in moving for summary judgment, which they could have done any time after the Corps filed its answer, in April 2010.  Moreover, any harm Plaintiffs allege as a result of delaying summary judgment would be mitigated if they prevail on their motion for a preliminary injunction.

For the foregoing reasons and those stated in the Corps' motion, the Corps respectfully requests that the Court grant a two-week extension of the deadline for the Corps to respond to Plaintiffs' motion for preliminary injunction, and to grant a stay of briefing on Plaintiffs' motion for summary judgment pending a decision on the Corps' motion to consolidate and transfer, or the Court's jurisdiction.

DATED:  July 9, 2010

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division

   s/ *Jessica O'Donnell*
JESSICA O'DONNELL
D.C. Bar No. 473166
Trial Attorney
U.S. Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone:  (202) 305-085
Facsimile:  (202) 514-8865
jessica.odonnell@usdoj.gov

Of Counsel:
Daniel Inkelas
Office of the Chief Counsel
U.S. Army Corps of Engineers
441 G Street NW
Washington, DC 20314

John F. Kasbar

Assistant District Counsel
U.S. Army Corps of Engineers
701 San Marco Boulevard
Jacksonville, Florida 32207